RECEIVED

OCT 3 1 2011

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT
WESTREN DISTRICT OF LOUISIANA

Lorene B. Woods
    Plaintiff,

Case No. 11-CV-1910

VS.

UNITED STATES OF AMERICA,
Sheila D. Washington,
William Spires,
Overton Brooks Veteran Administration
Medical Center-Shreveport, La.
    Defendants.

**COMPLAINT**

Plaintiff, Lorene B. Woods, pro se, for her cause of action against Defendants alleges as follows:

    I.    JURISDICTION

1. This action arises under the Federal Tort Claims Act of 1948, 28 U.S.C.A. Section 1346(b), 2671 et.seq.

    II.    PARTIES AND VENUE

2. Pursuant to 28 U.S.C.A. Section 1391, venue is proper in the Judicial District where a substantial part of the events or omissions giving rise to the claim occurred in the above-entitled action, the Plaintiff, is bringing this suit based on improper medical services underwent at the Overton Brooks Veterans Administration Medical Center in Shreveport, Louisiana.
Therefore, venue is proper in the Western District of Louisiana.

    III.    FILINGS OF ADMINISTRATION CLAIMS

3. Plaintiff filed an administrative claim, in proper form with the proper agent, against the Defendants on November 1, 2010. A copy of the claim is attached as Exhibit A and incorporated by reference. The six (6) month waiting period for the decision has lapsed and the action is brought pursuant to 28 U.S.C.A. Section 2675(a). This action is brought within the limitation period of U.S.C.A. Section 2401(b).

## VI. OCCURRENCE

4. The facts giving rise to defendants' liability in this case are set below:

5. That at all times mentioned in this complaint, defendants and each of them were the agents, joint ventures, servants employees, assistants, consultants and the like of their codefendants, and were as such acting within the course and scope of the such agency, that each and every defendant was negligent in the selection, hiring, monitoring and continued employment of each and every other defendant as an agent servant employee, assistant and consultant.

6. In January, 2008, plaintiff sought medical treatment from defendant Washington whose office was located at Overton Brooks Veterans Administration Medical Center-Shreveport, Louisiana, for the removal of an unknown growth located atop her right foot.

7. Plaintiff was seen and examined numerous times for aforementioned growth by defendant Washington between January and May 12, 2008.

8. Plaintiff was also seen and examined for aforementioned growth by defendant Spires between January and May 12, 2008.

9. The course of treatment diagnosed and decided by defendant Washington was described as a minor surgerical excision of cystic lesion on right foot.

10. Defendant Washington projected time of recovery to be six (6) weeks.

11. Surgery to remove the unknown growth was scheduled for May 12, 2008.

12. Plaintiff proceeded to surgery at approximately 6:30 a.m. May 12, 2008.

13. Plaintiff was placed in recovery room after this surgery at approximately 9:30 a.m.

14. Thereafter awaited examination and release from defendant Washington.

15. After approximately one half hour of waiting for defendant Washington, plaintiff's right foot began to experience severe pain and bleed profusely.

16. Plaintiff was rushed back to the operating room by hospital personnel where defendant Washington joined plaintiff.

17. Defendant Washington unwrapped the dressing on plaintiff's right foot and attempted to stop the bleeding.

18. Plaintiff was awake, not sedated during defendant Washington's attempt to stop said bleeding

19. Plaintiff witnessed defendant Washington for approximately 10 to 15 minutes attempt, but to no avail stop the bleeding of plaintiff's right foot.

20. Defendant Washington could not stop the bleeding and had to seek the assistance of defendant Spires.

21. Defendant Washington was scolded when defendant Spires entered the operating room because plaintiff was not sedated and witnessed the second surgery.

22. Defendant Spires assisted defendant Washington for approximately 20 minutes to stop the bleeding.

23. Plaintiff over heard the defendants discussing that plaintiff's nerve in the right foot was cut numerous times.

24. As a result of the actions of the defendants plaintiff suffered severe nerve damage in the right foot.

25. Plaintiff's blood pressure was so high at one point that the medical staff thought plaintiff was going to die.

26. Defendant Washington scheduled plaintiff for follow-up three weeks later to change the dressings, defendant was unavailable.

27. Plaintiff's right foot continued to suffer severe pain awaiting defendant Washington's appointment.

28. Plaintiff contacted the V.A. Medical Center numerous times attempting to contact defendant Washington because of severe pain and discomfort.

29. Defendant Washington was unavailable to plaintiff for care and treatment.

30. Plaintiff could not get her bandages change for weeks because defendant Washington could not be found.

31. Defendant Washington abandoned plaintiff's care and treatment.

32. Defendant Washington failed to possess and apply the knowledge, failed to use the skill and care used by reasonable qualified physicians. The negligence of defendant Washington in misdiagnosing, treating and abandonment of plaintiff's injury was a substantial factor in producing plaintiff's condition and failed to exercise the degree of care and skill commonly exercised by physicians and surgeons in her field of medicine.

33. As a direct result of defendant Washington's negligent, plaintiff has suffered unnecessary physical and emotional pain, has incurred and will continue to incur medical care. As a result, plaintiff suffers permanent injury, disable to the point that plaintiff's injured foot causes severe pain, can on longer wear shoes that lace on top of her injured foot without pain, can no longer stand for long periods without severe pain. And must wear special shoes at times due to severe pain. Defendant Washington's actions showed a conscious indifference or reckless disregard for the safety, health and well being of plaintiff.

34. The negligence of defendant Spires in selection and monitoring defendant Washington perform surgery on plaintiff's right foot causing plaintiff nerve damage, disfigurement, pain and suffering and permanent injury.

35. As a direct result of defendant Spires negligent plaintiff suffers permanent injury, disfigurement, nerve damage and pain and suffering.

36. Defendant V.A. Medical Center, acting through its employees, apparent employees, agent or contractors failed to provide an appropriate medical screening and monitoring of plaintiff's condition. The negligence of V.A. Medical Center in selection, in hiring the defendants Washington and Spires resulted in damages described in paragraph 33.

WHEREFORE, plaintiff seeks unspecified damages for unnecessary pain and suffering, past, present and future. Plaintiff also seeks unspecified damages for permanent injury, disfigurement and partial disability.

*Lorene B. Woods*

---

Lorene B. Woods, pro se