UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| LORENE B. WOODS | CIVIL ACTION NO. 11-cv-1910 |
| VERSUS | JUDGE HICKS |
| UNITED STATES OF AMERICA, ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Lorene Woods ("Plaintiff"), who is self-represented, filed a Standard Form 95 with the Veterans Administration to commence an FTCA administrative claim regarding alleged medical malpractice. The form stated that a surgery to remove a small bump on the top of her right foot resulted in nerve damage that caused constant and severe pain. Plaintiff's original form asked for damages "in excess of $50,000," but she filed an amended form and asked for $400,000 after the VA office of Regional Counsel advised her that most courts have ruled that language such as "in excess of" should be disregarded as surplusage. Plaintiff's letter that accompanied the increase to $400,000 included the following statement: "After discussing this with my husband and other medical physicians concerning my recovery and my future forecast for full recovery is doubtful and permanent injury has occurred." The claim did not settle within the administrative system, and Plaintiff filed this civil action.

Before the court is Plaintiff's Motion to Amend Complaint (Doc. 27) by which she seeks to increase to $500,000 the amount of damages sought. Plaintiff represents that, since this civil action was filed, her condition was diagnosed as entrapped/dissected nerve and

required a recent surgery with the objective to reduce her daily pain. Plaintiff states that she suffers permanent numbness in the foot, atrophy of the muscle in her right leg, and that the problem has affected her gait and ability to apply weight to her right foot. She argues that this constitutes newly discovered evidence that warrants amending the amount of damages sought.

The United States opposes the motion, arguing that Plaintiff has not met the standard set out in 28 U.S.C. § 2675(b), which provides that an FTCA action:

> shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and of proof of intervening facts, relating to the amount of the claim.

A plaintiff who seeks to exceed the amount of her administrative claim has the burden to show that she satisfies the statute. To satisfy her burden, she must show that the evidence was not reasonably capable of detection through the exercise of reasonable diligence at the time the administrative claim was filed. Lebron v. U.S., 279 F.3d 321, 330 (5th Cir. 2002). New information does not satisfy the statute if it "merely concerns the precision with which the nature, extent, or duration of a claimant's condition can be known." Id. Information may satisfy the statute if it sheds new light on the basic severity of the condition, meaning it materially differs from the worst-case prognosis of which the claimant knew or could reasonably have known when the claim was filed. Id.

Plaintiff has not satisfied her burden. Her original administrative claim stated that she suffered nerve damage that caused constant and severe pain, took her breath away, and did

not allow her to stand for long. She also stated then that her prospect for a full recovery was doubtful and that the injury was probably permanent. That Plaintiff has since undergone surgery in an effort to relieve her pain and can now identify some symptoms and problems that might not have been specifically mentioned in her administrative claim is not sufficient to meet her burden under the statute. The surgery and recent complaints do not change the basic severity of the problem described in the administrative claim. Rather, the additional information merely provides some more detail about the nature, extent, or duration of the condition. Accordingly, her **Motion to Amend Complaint (Doc. 27)** is **denied**.

      THUS DONE AND SIGNED in Shreveport, Louisiana, this 20th day of November, 2012.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE